JOHN H. HERRICK

*v.*

JUDE P. GARY.

1. SHEEP *having contagious disease—right of action.* Under the act of Feb. 16, 1865, relating to diseased sheep, it is clear that the owner of sheep having a contagious disease, has no right to let them run even upon his own land where they can communicate disease to sheep lawfully pastured in an adjoining field.

2. SAME—*communication of the disease indirectly.* Where the defendant kept his sheep which were infected with the scab, in his own pasture, adjoining that of the plaintiff, the two pastures being separated by a division

fence, and defendant's sheep, through want of repair in his portion of the fence, escaped into the plaintiff's pasture, where the plaintiff had a lot of sheep, part belonging to himself and part to his father, so that it was doubtful whether plaintiff's or his father's sheep were first infected: *Held*, that an instruction, if it was as likely the plaintiff's sheep caught the disease elsewhere as from defendant's sheep, the jury should find for defendant, was erroneous, being highly calculated to mislead; and that if any of the flock were infected, and the disease thereby communicated to plaintiff's sheep, the defendant was liable.

3. SAME—*care required of plaintiff.* Where a plaintiff's sheep are infected from the sheep of the defendant, the former will not be held responsible for more than ordinary care and skill in their treatment; but even if they could have been cured by proper care and treatment, this will not exonerate the defendant from liability for the trouble and expense incurred by the plaintiff.

4. SAME—*instruction as to negligence of plaintiff.* Where the plaintiff had his sheep in his own pasture, and they were infected with disease from defendant's sheep, kept by him in an adjoining pasture, from which they escaped through defects in defendant's part of the division fence, and communicated with plaintiff's sheep, the court instructed the jury, for the defendant, that if the plaintiff's negligence caused the damage, or contributed to it equally with that of the defendant, they must find for the defendant: *Held*, that this could not refer to defective care after infection, as that could not wholly exonerate defendant; and in reference to want of care before infection, it was erroneous for the reason there was no proof upon which to base it.

APPEAL from the Circuit Court of De Kalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Messrs. WHEATON, SMITH & McDOLE, for the appellant.

Mr. ELBERT H. GARY, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

An act of the legislature, passed February 16, 1865, provides that any person who suffers sheep owned by him, and known to be infected by contagious disease, to run at large, or who keeps them in any place where other sheep can have

access to, or be infected by them, shall be liable to pay all resulting damages. This suit was brought under this statute by Herrick against Gary. The jury found for the defendant, and Herrick appealed.

There is no doubt, upon the evidence, that Gary's sheep were suffering from a contagious disease known as the scab; that they were in a pasture on Gary's farm; that Gary's portion of the fence between his pasture and the adjoining one of Herrick, where the latter's sheep were kept, was not in good condition; that Herrick's sheep became diseased and many of them died, and that several of Gary's sheep were in the flock of appellant before the disease appeared in the latter's flock.

Under this statute it is clear that the owner of sheep having a contagious disease has no right to let them run, even upon his own land, where they can communicate disease to sheep lawfully pastured in an adjoining field. The design of the statute evidently was, not only to forbid the owner from allowing such sheep to run at large, but to require him to keep them on his own farm in such manner as not to come in contact with the sheep of a neighbor. The testimony in this record is, that the disease above named can be communicated from one flock to another, even though constantly separated by an ordinary fence. However this may be, in this case the sheep occasionally escaped from one pasture to the other, and the preponderance of the evidence is that it was in consequence of that portion of the division fence which belonged to defendant being out of repair. The defense seems to have been made on the ground that the plaintiff's sheep may have caught the disease from other sheep than those of the defendant, and that the evidence as strongly sustained one hypothesis as the other. Another defense was, that the plaintiff failed to take proper care of his sheep after they became diseased.

In reference to the first ground of defense, the court instructed the jury in substance that if it was as likely the

plaintiff's sheep caught the disease elsewhere as from the defendant's sheep, they should find for the defendant. In view of the evidence in this case, this instruction, however correct it might sometimes be, was highly calculated to mislead. The record shows that a portion of the flock in plaintiff's pasture belonged to plaintiff's father. It also shows that plaintiff's sheep, or a part of them, were sometimes on the public highway, but it does not appear that they there came in contact with other sheep. The plaintiff, when on the stand, was asked how he knew that his own sheep did not take the disease from his father's sheep. He replied that as they were together, of course he could not tell which took it first. We presume it was urged upon the jury, as it is now argued here by defendant's counsel, that if, as a matter of fact, the first sheep attacked in plaintiff's pasture belonged to his father, and the disease spread from such sheep, the plaintiff could not recover, and unless the jury could determine affirmatively, from the evidence, that the sheep of plaintiff were the first to become infected, he had failed to make out his case. The jury would, doubtless, understand the first instruction in that way, and as having reference to the sheep of plaintiff's father.

From this theory we totally dissent. It might as well be said that if only one of plaintiff's sheep caught the disease from defendant's flock directly, and the contagion spread from such sheep to the rest of the flock, the plaintiff could recover only for the one sheep thus directly infected. The sheep of the plaintiff and of his father were running together in plaintiff's pasture as a single flock. If the disease was communicated by defendant's flock at all, it is wholly immaterial whether the first sheep infected in plaintiff's pasture belonged to him or to his father. The statute is not to be defeated by any such hair-splitting refinements. In either case the disease should be regarded as communicated directly by the defendant's flock. The unreasonableness of the rule contended for is apparent when we remember that the plaintiff can certainly

not recover from his father, nor his father from him, and in case the entire flock had been destroyed by the defendant's violation of the statute, there could, on this theory, be no recovery against him, because the jury could not determine which individual sheep in plaintiff's pasture first caught the contagion. The first instruction should have been qualified so as not to mislead the jury in this regard.

The instructions in regard to the treatment of his diseased sheep by the plaintiff should also be modified. The plaintiff can not be held responsible for more than ordinary care and skill. See *Mount* v. *Hunter*, 58 Ill, 246.

The 4th instruction is also objectionable. It tells the jury that if the plaintiff's negligence caused the damage, or contributed to it equally with that of the defendant, they must find for the defendant. This does not, of course, relate to defective care or medical treatment after the sheep became diseased, since, even if the sheep could have been cured by proper care, the defendant would still have been liable for the expense and trouble incurred, if liable at all. It can only properly refer to some supposed want of care on plaintiff's part prior to the communication of the disease, and yet we see nothing of that character in the record to which it could properly apply. The plaintiff had a right to have his sheep where they were, and the fact that more or less of them may have been in poor flesh would not excuse the defendant, if otherwise liable. This instruction, in its present general form, should not have been given. The judgment is reversed and the cause remanded.

*Judgment reversed.*